IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAURA R. CROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-10-628-L |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

Ms. Laura Cross applied for insurance benefits based on an alleged disability. *See* Administrative Record at pp. 82-84 (certified Aug. 18, 2010) ("Rec."). The Social Security Administration denied the application,[1] and Ms. Cross initiated the present action based in part on legal error in the assessment of an opinion by a licensed social worker.[2] The Court should reverse and remand for further findings concerning the social worker's opinion.

I.  STANDARD OF REVIEW

The Court must determine whether the Social Security Administration's decision is based on substantial evidence and the correct legal standard. *See Grogan v. Barnhart*, 399

---

[1] Rec. at pp. 1-3, 8-20, 38-39.

[2] Ms. Cross also alleges error in the credibility evaluation, but the Court need not consider this argument in light of the suggested reversal on other grounds. *See infra* pp. 1-6; *see also Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of this case on remand.").

F.3d 1257, 1261 (10th Cir. 2005). Reversal is required if the agency has failed "'to provide this court with a sufficient basis to determine that appropriate legal principles have been followed.'" *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (*per curiam*; citations omitted).

II. LEGAL ERROR IN THE CONSIDERATION OF MS. BINDER-SMITH'S OPINION

As argued by Ms. Cross, the administrative law judge committed legal error in his consideration of an opinion by a social worker, Ms. Nan Binder-Smith.

Ms. Binder-Smith counseled Ms. Cross for a variety of mental health issues. *See* Rec. at pp. 554-56. The administrative law judge considered the social worker's opinion, but declined to give it "great weight." *Id.* at p. 19. The Plaintiff challenges the judge's explanation, and part of the criticism is valid.

In the decision, the judge thoroughly outlined Ms. Binder-Smith's treatment of the Plaintiff, noting Ms. Cross' complaints and the social worker's related diagnoses. *Id.* at pp. 18-19. In discussing his treatment of the opinion, the administrative law judge provided the following explanation:

> It appears that Ms. Binder-Smith may be sympathetic towards the claimant which may have biased her opinion. Regardless, as a health care provider who is not defined as an acceptable medical source, the findings of Ms. Binder-Smith have been considered, but not given great weight as not entirely consistent with the totality of the overall evidence which supports that the claimant is not as severely limited as assessed by this non-physician.

*Id.* at p. 19.

2

The Plaintiff challenges the explanation, arguing that the judge had provided three invalid reasons to reject Ms. Binder-Smith's opinion. According to the Plaintiff, the judge improperly rejected the opinion because:

- Ms. Binder-Smith had been sympathetic toward the Plaintiff,
- Ms. Binder-Smith was not an acceptable medical source, and
- the social worker's conclusion was inconsistent with other evidence.

In actuality, the judge relied solely on the third ground, inconsistency with "the totality of the overall evidence." *Id.*, *see supra* p. 2. But this ground was too general for meaningful judicial review.

A. The Administrative Law Judge Did Not Reject Ms. Binder-Smith's Opinion Based on Sympathy

According to the Plaintiff, the judge discounted the opinion in part because the social worker had based her opinion on sympathy. The Plaintiff correctly asserts that the Tenth Circuit Court of Appeals prohibits rejection of a medical opinion on the basis of sympathy.[3] But here, the administrative law judge did nothing of the kind. The judge stated that he was discounting the opinion because it was "not entirely consistent with the totality of the overall evidence." Rec. at p. 19; *see supra* p. 2. The judge did comment about the possibility of sympathy on Ms. Binder-Smith's part. But the judge did not say that he was discounting the opinion on this basis.

---

[3] *See McGoffin v. Barnhart*, 288 F.3d 1248, 1253 (10th Cir. 2002) ("an [administrative law judge's] assertion that a family doctor naturally advocates his patient's cause is not a good reason to reject his opinion as a treating physician" (citation omitted)).

3

B.  The Administrative Law Judge Did Not Reject Ms. Binder-Smith's Opinion Based on Her Status

Ms. Cross also claims that the administrative law judge had rejected Ms. Binder-Smith's opinion because she was not an "acceptable medical source." This characterization of the decision is incorrect. The administrative law judge noted that he had considered the opinion even though the social worker was not "an acceptable medical source." Rec. at p. 9; *see supra* p. 2.[4] The judge added that he was discounting the opinion because of its inconsistency with other evidence. Rec. at p. 19; *see supra* p. 2.

C.  The Administrative Law Judge Erred in Failing to Explain His Reason for Discounting Ms. Binder-Smith's Opinion

The administrative law judge gave only one reason to discount the opinion of Ms. Binder-Smith: inconsistency with "the totality of the overall evidence." Rec. at p. 19; *see supra* p. 2. But the judge did not identify any of the supposed inconsistencies.

The administrative law judge had a duty to consider Ms. Binder-Smith's opinion in evaluating the severity of Ms. Cross' impairments and how they might affect her ability to function.[5] To carry out this duty, the judge had to explain his treatment of the social

---

[4]   According to the pertinent regulations, the term "acceptable medical sources" consists of licensed physicians, psychologists, optometrists, podiatrists, and speech-language pathologists. *See* 20 C.F.R. § 404.1513(a) (2008).

[5]   *See* Social Security Ruling 06-03p, Titles II and XVI: II and XVI: Considering Opinions and Other Evidence From Sources Who Are Not "Acceptable Medical Sources" in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies, 2006 WL 2329939, Westlaw op. at 2 (Aug. 9, 2006).

4

worker's opinion in a manner which would "allow[] a claimant or subsequent reviewer to follow the adjudicator's reasoning."[6]

The judge stated that he was discounting the opinion because it was inconsistent with the overall totality of the evidence. Rec. at p. 19; *see supra* p. 2. Theoretically, this rationale might constitute a legitimate reason to discount an opinion in a given case.[7] But here, the judge did not identify even a single inconsistency. Thus, the Court is left to independently analyze the record to see if it might find inconsistencies between Ms. Binder-Smith's opinion and the rest of the evidence. If the Court were to detect inconsistencies, it would have no way to tell whether they had been the same ones relied upon by the administrative law judge. The problem is that the administrative law judge relied simply on a label, inconsistency with "the totality of the overall evidence," without explaining how that label applied here.[8]

---

[6] *Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (citing Social Security Ruling 06-03p, Titles II and XVI: II and XVI: Considering Opinions and Other Evidence From Sources Who Are Not "Acceptable Medical Sources" in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies, 2006 WL 2329939, Westlaw op. at 6 (Aug. 9, 2006)).

[7] *See* Social Security Ruling 06-03p, Titles II and XVI: II and XVI: Considering Opinions and Other Evidence From Sources Who Are Not "Acceptable Medical Sources" in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies, 2006 WL 2329939, Westlaw op. at 5 (Aug. 9, 2006); 20 C.F.R. § 1527(d)(2) (2008).

[8] *See Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004) ("Because the [administrative law judge] failed to explain or identify what the claimed inconsistencies were between Dr. Williams's opinion and the other substantial evidence in the record, his reasons for rejecting that opinion are not 'sufficiently specific' to enable this court to meaningfully review his findings." (citation omitted)); *see also Lopez v. Astrue*, 371 Fed. Appx. 887, 891-92 (10th Cir. Mar. 29, 2010) (unpublished op.) (holding that the administrative law judge had erred by failing to identify the medical evidence that was inconsistent with the physician's opinion); *Cagle v. Astrue*, 266 Fed. Appx. 788, 794 (10th Cir. Feb. 25, 2008) (unpublished op.) (same).

5

The Commissioner points to inconsistencies that he would find between the opinions of Ms. Binder-Smith and:

- those offered by Dr. Timothy Puckett, Dr. Stephanie Hall, Dr. Carolyn Goodrich and

- testimony by Ms. Cross.

The administrative law judge summarized the evidence involving these individuals, but did not draw any conclusions from them. Rec. at pp. 11, 14-15, 17-18. And the judge certainly did not state that he was relying on the particular inconsistencies identified by the Commissioner. *See id.* As a result, the Court cannot rely on the inconsistencies alleged here by the Defendant.[9]

The administrative law judge did not explain his reasons for discounting the opinion by Ms. Binder-Smith. The judge purported to rely on inconsistencies between that opinion and other evidence, but he failed to identify the alleged inconsistencies. The omission was critical, as it left the Court without any way to engage in meaningful judicial review. In these circumstances, the Court should reverse and remand for further findings concerning Ms. Binder-Smith's opinion.

---

[9] *See Haga v. Astrue*, 482 F.3d 1205, 1207-1208 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the [administrative law judge's] decision that are not apparent from the [judge's] decision itself." (citations omitted)); *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004) ("Affirming this post hoc effort to salvage the [administrative law judge's] decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process.").

III.    NOTICE OF THE RIGHT TO OBJECT

Any party may file written objections with the Clerk of the United States District Court, Western District of Oklahoma. *See* 28 U.S.C.A. § 636(b)(1) (2010 supp.). The deadline for objections is February 11, 2011. *See* 28 U.S.C.A. § 636(b)(1) (2010 supp.); Fed. R. Civ. P. 6(d), 72(b)(2). The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.[10]

IV.    STATUS OF THE REFERRAL

The referral is discharged.

Entered this 25th day of January, 2011.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[10] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

7